IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL ABEND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-13-2110 |
| | § | |
| J.P. MORGAN CHASE BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION GRANTING IN PART
DEFENDANT'S MOTION TO DISMISS**

Pending in this case that has been referred to the Magistrate Judge pursuant to 28 U.S.C.

§ 636(b)(1)(B) is Defendant J.P. Morgan Chase Bank, N.A.'s Motion to Dismiss (Document No. 5).

Having considered Defendant's Motion to Dismiss, the absence of a response to the Motion to

Dismiss, Plaintiff's allegations in his state court pleadings, and the applicable law, the Magistrate

Judge RECOMMENDS, for the reasons set forth below, that Defendant's Motions to Dismiss

(Document 5) be GRANTED in PART.


**I.      Background and Procedural History**

On July 1, 2013, Plaintiff Michael Abend ("Abend") initiated this suit in the 270th District

Court of Harris County, Texas, Cause No. 2013-38792, complaining about the scheduled foreclosure

on his residence.  In his state court "Petition and Application for Temporary Restraining Order and

Temporary Injunction" (referred to hereafter as "Petition"), Abend alleged that due to a "clerical

error" he missed the July 2012 payment on the note held by Defendant JP Morgan Chase Bank, N.A.

("Chase), which note was secured by his residence located at 26218 Ridgefield Park Ln., Cypress,

Texas 77433.   Abend also alleged Chase advised him of the missed payment and represented that

the payment could be made by phone, that he made a payment by phone on August 3, 2012, that the payment funds "were reversed on August 9, 2012," and that Chase thereafter refused to accept his subsequent payments.   Petition (Document No. 1-1) at 12-13.[1]  Abend further alleged that he "did not learn until December 2012 that the payments were being refused by Chase," that he was "unaware that [Chase] had accelerated the note," that he did not receive thirty days notice of the default and an opportunity to cure, and that "he does not believe he should have to pay the interest or late fees associated with Defendant's negligence but will gladly pay the correct amount owed to Defendant should they accept it."  *Id.*

Abend asserted claims against Chase for: (1) improper lien transfer notice: "Defendant has failed to give  proper notice because all transfers of the lien were not recorded timely as required by *Texas law* prior to the acceleration and collection action on the Note;" (2) breach of contract, based on (a) Chase's failure to provide thirty days notice prior to declaring the note to be in default, (b) Chase's failure to act in good faith, and (c) Chase's failure to accept his monthly payments; (3) negligence, based on Chase's failure to send notice to Abend's correct address and its advice that a payment could be made by phone; (4) wrongful foreclosure, based on the improper default determination and  the improper notice thereof; and (5) declaratory judgment, seeking a declaration that "Defendants's  attempt to foreclose  pursuant to the *Texas Property Code* §1 51.001 et seq is improper as Plaintiff never defaulted on the note."  *Id.* at 13-15.

---

[1] Abend's Petition is not numbered.  Consequently, the page numbers referred to herein are the page numbers of the exhibit  attached to the Notice of Removal (Document No. 1-1), which includes the Petition.

Defendant timely removed the case to this Court on the basis of diversity, and promptly filed a Motion to Dismiss, arguing that Plaintiff has not stated a claim for which relief may be granted. Plaintiff has not, to this date, filed a response to the Motion to Dismiss.

## II.     Standard of Review

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the

3

pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950.  It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, at 1950.

III.    **Discussion – Plaintiff's Claims**

Abend's live pleading is the original state court Petition he filed in the 270th District Court of Harris County, Texas.  Attached to that pleading are several exhibits, including a copy of the Note, Exhibit A (Document No. 1-1, at 24-25), a copy of the Deed of Trust, Exhibit B (Document No. 1-1 at 26-42), a "Chase Detailed Transaction History" for 26218 Ridgefield Park Lane, Exhibit "C" (Document No. 1-1 at 43-48), Correspondence from Abend to Chase, including an online banking payment activity print-out for Abend's bank account at Bank of America, Exhibit D (Document No. 1-1 at 49-55), and a letter to Abend's counsel reflecting an address change, Exhibit E (Document No. 1-1 at 56-57).  The documents attached to Abend's Petition are incorporated into the Petition, *see* FED. R. CIV. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"), and can be considered in connection with Chase's Rule 12(b)(6) Motion to Dismiss.  *United States ex. rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004).

A.    **Improper Notice of Lien Transfer Claim**

In his first claim, Abend contends that Chase violated the Texas Property Code by failing "to give proper notice because all transfers of the lien were not recorded timely as required by *Texas law*

prior to the acceleration and collection action on the Note." Petition (Document No. 1-1) at 13. This is the entirety of Abend's allegations in support of his first claim

Abend does not cite to any provision in the Texas Property Code that provides the basis for his claim that notice of the lien transfer was improper. Nor has Abend alleged any facts to support such a claim based on Chase's failure to record a transfer of the lien at issue in this case. Instead, Abend's Petition only contains a legal conclusion ("all transfers of the lien were not recorded timely"), which cannot be credited or considered in connection with a Rule 12(b)(6) Motion to Dismiss for failure to state a claim. *Morlock, LLC v. Bank of New York Mellon Trust Co.*, No. 12-20832, ___ F. App'x ___, 2013 WL 3971517 (5th Cir. Aug. 5, 2013) ("we do not accept as true conclusory allegations, unwarranted factual inferences or legal conclusions"). In addition, as explained by Defendant, there is no requirement under Texas law, or the Texas Property Code, that an assignment of a Deed of Trust be recorded in the public records in order to be enforceable by the assignee. *See Bittinger v. Wells Fargo Bank, N.A.*, 744 F.Supp.2d 619, 625 (S.D. Tex. 2010) ("Under Texas law, there is no requirement that the deed of trust assignment be recorded. And under Texas law, the ability to foreclose on a deed of trust is transferred when the note is transferred, not when an assignment of deed of trust is either prepared or recorded."). As such, Abend has not stated a plausible claim based upon improper notice of the lien transfer.

## B. Breach of Contract Claim

In his second claim, Abend maintains that Chase breached the Note agreement by: (1) failing to provide him with proper notice of the default and an opportunity to cure the default; (2) failing to act in good faith in trying to resolve the default; and (3) refusing to accept his subsequent payments. In support of his breach of contract claim Abend alleges as follows:

19.     Plaintiff and Defendant entered into a binding legal contract on October 22, 2007 attached as exhibit A.

20.     The contract required Plaintiff to make monthly payments to Defendant and implicit in that agreement is that Defendant will accept said payments.

21.     The contract additionally required Defendant to provide written notice in thirty days prior to declaring the note to be in default.

22.     Further there is an implicit agreement in all contracts that the parties agree to act in good faith[.]

23.     Defendant breached all of these obligations to Plaintiff by refusing to accept his monthly payments, and reversing the payments that were made by Plaintiff, and by failing to timely notify Plaintiff of his alleged default or of their refusal to accept Plaintiff's payment.

Petition (Document No. 1-1) at 14.

To state a claim for breach of contract under Texas law, a plaintiff must allege "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *American General Life Ins. Co. v. Kirsch*, 378 F. App'x 379, 383 (5th Cir. 2010); *see also Valero Mktg. & Supply Co. v. Kalama Int'l*, 51 S.W. 3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.). Chase, in its Motion to Dismiss, first argues that Abend cannot maintain a breach of contract claim because he admittedly missed his July 2012 payment, and was therefore in default prior to any alleged breach by Chase. Chase also argues that the terms of the Note allowed it to reject Abend's subsequent payments that did not bring the Note current, and that there are no facts alleged in the Petition to support Abend's claim that Chase sent notices to an incorrect address.

6

### 1.        Alleged Breach due to Improper/Insufficient Notice

Abend alleges in his Petition that he did not receive thirty days written notice of his default

and an opportunity to cure.  He suggests in his Petition that his failure to receive notice is due to

Chase having used an incorrect mailing address:

> . . . . While unbeknownst to Plaintiff exactly why he never received notice Plaintiff
> has long had a problem with Chase having problems sending mail to the correct
> address for him.  Plaintiff's mailing address is a PO Box at 8000 Research Forest
> Drive #115-215, Woodlands Texas 77382.  At times Plaintiff would receive mail to
> the correct address, other times he would on occasion receive mail addressed to 8000
> Research Forest Dr #115 Woodlands Texas 77382, and on one occasion 8000
> Research Forest Dr Woodlands Texas 77382.  Plaintiff spoke to representatives of
> [C]hase on numerous occasions to correct the error but the problem was never
> rectified.  Plaintiff also learned that when the mail was mislabeled like that, there was
> no guarantee that the postal service would be able to deliver it correctly.  When
> Plaintiff's property was initially posted for the foreclosure in March of 2013 he never
> received notice; after Plaintiff spoke to Defendant's foreclosure attorneys it was
> confirmed that they did not in fact have the right address for Plaintiff.

Petition (Document No. 1-1) at 12-13.

> Pursuant to the terms of the Note, Notice of Default is to be provided a borrower as follows:

> If I am in default, the Note Holder may send me a written notice telling me that if I
> do not pay the overdue amount by a certain date, the Note Holder may require me to
> pay immediately the full amount of Principal which has not been paid and all the
> interest that I owe on that amount.  That date must be at least 30 days after the date
> on which the notice is mailed to me or delivered by other means.

(Document No. 1-1) at 25.  The Note then provides for how notice is to be given as follows:

> Unless applicable law requires a different method, any notice that must be given to
> me under this Note will be given by delivering it or by mailing it by first class mail
> to me at the Property Address above or at a different address if I give the Note Holder
> a notice of my different address.

*Id.*  The notice provisions in the Deed of Trust similarly provide:

> All notices given by Borrower or Lender in connection with this Security Instrument
> must be in writing.  Any notice to Borrower in connection with this Security
> Instrument shall be deemed to have been given to Borrower when mailed by first

7

class mail or when actually delivered to Borrower's notice address if sent by other means.  Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise.  The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender.  Borrower shall promptly notify Lender of Borrower's change of address.  If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure.  There may be only one designated notice address under this Security Instrument at any one time. . . .

*Id.* at 34.

While Chase maintains that Abend's improper/insufficient notice breach of contract claim is subject to dismissal because Abend's Petition contains no allegation that he designated an address other than the property address for him to receive notices, when the allegations in Abend's Petition are taken as true, and in a light most favorable to him, he has stated a plausible breach of contract claim based on Chase's failure to provide him with proper and sufficient notice of his default. Abend does not directly allege he designated an address other than the property address for purposes of receiving notices, but his allegations suggest as much. *Leal v. McHugh*, 731 F.3d 405, 413 (5th Cir. 2013) (well pleaded facts, as well as the inferences to be drawn from them, are to be taken as true in ruling on a Rule 12(b)(6) Motion to Dismiss); *Iturralde v. Shaw Group, Inc.*, 512 F. App'x 430, 433 (5th Cir. 2013) ("We must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff.").  As such, when viewed in the light most favorable to him, Abend's allegations state a breach of contract claim based on Chase's failure to send him a notice of default at his designated mailing address. *See e.g. Saenz v. JP Morgan Chase Bank, N.A.*, No. 7:13-cv-156, 2013 WL 3280214 (S.D. Tex. June 27, 2013) (finding sufficient allegations to support a breach of contract claim where homeowner alleged that he did not receive sufficient or proper notice).

### 2.   Alleged Breach due to Failure to Act in Good Faith

Abend alleges that Chase breached the duty of good faith and fair dealing in the Note by refusing to accept his payments after August 2012.   As argued by Chase, however, there is no such duty of good faith and fair dealing associated with mortgage transactions and agreements, *FDIC v. Coleman*, 795 S.W.2d 706, 709 (Tex. 1990); *UMLIC VP LLC v. T & M Sales & Envtl. Sys. Inc.*, 176 S.W.3d 595, 612 (Tex. App.—Corpus Christi 2005, pet. denied), and there is no special relationship between a mortgage servicer and a mortgagor that would give rise to a duty of good faith and fair dealing. *White v. Mellon Mortgage Co.*, 995 S.W.2d 795, 800 (Tex. App.—Tyler 1999, no pet.); *In re Thrash*, Bankr. No. 9–46344–DML14, 433 B.R. 585, 597 (Bankr. N.D. Tex. July 28, 2010). Accordingly, Abend has not, and cannot, state a claim against Chase for breach of a duty of good faith and fair dealing.   That claim is subject to dismissal under Rule 12(b)(6).   *See Sgroe v. Wells Fargo Bank, N.A.*, No. 4:12-cv-144, ___ F.Supp.2d ___, 2013 WL 1739502 *11 (E.D. Tex. Apr. 22, 2013) (dismissing, in the mortgage context, a breach of contract claim based upon a duty of good faith and fair dealing).

### 3.   Alleged Breach due to Refusal to Accept Payments

Abend alleges that Chase breached the parties' contract by refusing to accept his payments after he missed the July 2012 payment.   Chase, in its Motion to Dismiss, maintains that it had the contractual right to refuse such payments.   Paragraph 1 of the Deed of Trust, relied upon by Chase, provides in this regard: "Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current."   Deed of Trust (Document No. 1-1) at 28.

Here, the documents Abend attached to his Petition show that Abend missed his July 2012 mortgage payment, and he admits as much. *See* Chase Detailed Transaction History (Document No.

1-1) at 48.  The documents also show that the payment Abend attempted to make on August 3, 2012, was returned for "insufficient funds."  *Id.* at 45-46.  Finally, the documents show that Abend's mortgage is not current.  *Id.* at 43-48.  Given his admitted failure to make the July 2012 payment, the return of the August 3, 2012 payment for insufficient funds, and the deficiency on his mortgage payments from August 2012 through May 14, 2013, Chase was within its rights under the Deed of Trust to refuse Abend's subsequent payments.   Therefore, based on the allegations in Abend's Petition and the facts contained in the documents he submitted as exhibits to his Petition, Abend cannot state a plausible breach of contract claim based on Chase's refusal to accept his payments after August 2012.  That breach of contract claim is therefore subject to dismissal under Rule 12(b)(6).

### C.      Negligence Claim

In his third claim, Abend maintains that Chase was negligent in servicing his mortgage. According to Abend, Chase "owed a duty to Plaintiff to act [as] any reasonably prudent note holder would," and Chase "breached that duty by not sending its notifications to Plaintiff to the correct address and by informing Plaintiff that he could make the payment over the phone if in fact a certified check payment was required." Petition (Document No. 1-1) at 14-15.  As argued by Chase, Abend has not and cannot state a negligence claim.

To state a claim for negligence under Texas law a plaintiff must allege "'a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach.'" *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009) (quoting *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002)).  When a plaintiff alleges only an economic loss arising out of a contractual relationship between the parties, the plaintiff cannot assert a negligence cause

of action. *Sanghera v. Wells Fargo Bank, N.A.*, No. 3:10–CV–2414-B, 2012 WL 555155, *5 (N.D. Tex. Feb. 21, 2012), *citing Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex.1986); *Southwestern Bell Tel. Co. v. Delanney*, 809 S.W.2d 493, 494–95 (Tex. 1991) ("if the defendant's conduct ... would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim ordinarily sounds only in contract"). That is because the parties' obligations are defined by their contractual agreement.

Here, the method by which Chase was to provide Abend with notice is set forth in the parties' agreement. In addition, the payment options available to Chase following the return of Abend's August 3, 2012, payment for insufficient funds are set forth in the parties' agreement. Given that the conduct about which Abend complains in his negligence claim is governed by specific provisions in the parties' agreement(s), Abend's claims sound, if at all, in contract, not tort. Moreover, because there is no general legal duty owed by a mortgagee to a mortgagor, *Coleman*, 795 S.W.2d at 709, Abend cannot establish an essential element of a negligence claim. Accordingly, Abend's negligence claim is subject to dismissal under Rule 12(b)(6).

### D.    Wrongful Foreclosure Claim

In his next claim, labeled as a "wrongful foreclosure" claim, Abend alleges that Chase "seeks to foreclose on Plaintiff's property based upon an alleged Default by Plaintiff. However no such default has occurred as Plaintiff made all of his monthly payments to Defendant, but Defendant has refused to accept them. There has never been a default on the note, and even if one had occurred Defendant did not provide proper notice of the default." Petition (Document No. 1-1) at 15.

In Texas, to prevail on a claim of wrongful foreclosure a plaintiff must prove: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection

between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135, 139 (Tex. App.–Corpus Christi 2008); *see also Sotelo v. Interstate Financial Corp.*, 224 S.W.3d 517, 523 (Tex. App.–El Paso 2007) ("The elements of wrongful foreclosure are (1) an irregularity at the sale; and (2) the irregularity contributed to an inadequate price."); *Pollett v. Aurora Loan Services*, 455 F. App'x 413, 415, 2011 WL 6412051 at *1 (5th Cir. 2011) (the elements of wrongful foreclosure are that the Plaintiff's "home sold for a grossly inadequate selling price and [ ] a causal connection between a defect in the foreclosure sale proceedings and the grossly inadequate selling price."). Here, there are no facts in Abend's Petition that fall within any of the elements required for a wrongful foreclosure claim. Moreover, as is reflected in Abend's allegations as well as the documents from the state court proceeding prior to removal, there has been no foreclosure sale. Given the absence of a foreclosure sale, and the fact that Texas law does not recognize a cause of action for attempted foreclosure, *Filgueira v. U.S. Bank Nat'l Ass'n*, No. 4:12-cv-00962, 2013 WL 127559 *3 (S.D. Tex. Jan. 9, 2013), *aff'd*, ___ F.3d ___, 2013 WL 5873357 (5th Cir. 2013). Abend cannot state a plausible claim for wrongful foreclosure.

### E. Declaratory Judgment Claim

In his final claim, labeled as a "declaratory judgment" claim, Abend seeks a declaration "that [Chase's] attempt to foreclose pursuant to the Texas Property Code § 51.001 et. seq. is improper as Plaintiff never defaulted on the note and [Chase] is not justified in foreclosing on the property pursuant to the deed of trust." Petition (Document No. 1-1) at 15.

Chase, in its Motion to Dismiss, seeks dismissal of Abend's declaratory judgment claim on the basis that such a claim cannot survive when all the substantive claims have been dismissed. This

argument is premised on Chase's belief that none of Abend' substantive claims can survive its Rule 12(b)(6) Motion to Dismiss.

Given the determination, above, that Abend has alleged a plausible breach of contract claim premised on Chase's failure to provide him with proper and sufficient notice of his default and an opportunity to cure the default, Abend's declaratory judgment survives as well.

### V.      Conclusion and Recommendation

Based on the foregoing, and the determination that Plaintiff has not stated a claim for: (1) improper notice of the lien transfer, (2) breach of the duty of good faith and fair dealing, (3) breach of contract based on Chase's refusal to accept Abend's payments, (4) negligence, and (5) wrongful foreclosure, but has stated a breach of contract claim based on Chase's failure to provide him notice of his default and an opportunity to cure the default and for a declaratory judgment, the Magistrate Judge

RECOMMENDS that Defendant JP Morgan Chase Bank N.A.'s Motion to Dismiss (Document No. 5) be GRANTED in PART and Plaintiff's claims for (1) improper notice of the lien transfer, (2) breach of the duty of good faith and fair dealing, (3) breach of contract based on Chase's refusal to accept Abend's payments, (4) negligence, and (5) wrongful foreclosure be DISMISSED pursuant to Rule 12(b)(6) for failure to state a claim.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from

attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 18th day of November, 2012.


Frances H. Stacy
United States Magistrate Judge

14