IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL ABEND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-2110 |
| | § | |
| J.P. MORGAN CHASE BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

### OPINION AND ORDER OF DISMISSAL

Pending before the Court in the above referenced action, removed from state court on July 18, 2013, is Defendant J.P. Morgan Chase Bank, N.A.'s ("JPMC's") motion to dismiss for failure to prosecute and to comply with the Court's orders and Federal Rules of Civil Procedure 16 and 26 (instrument #14). Plaintiff Michael Abend ("Abend") has failed to respond, and thus this motion is construed as unopposed under Local Rule 7.4.

JPMC highlights, and the record corroborates, that Abend has repeatedly failed to prosecute his case despite representation by attorney Andrew Michael Bayley.

JPMC filed a motion to dismiss (#6) on July 25, 2013 on the heels of the removal, requesting dismissal of Plaintiff's petition and motion for temporary restraining order and temporary injunction. Abend failed to file a response. The Court referred the motion under 28 U.S.C. § 636(b)(1)(B), and on November 18, 2013 Magistrate Judge Frances Stacy issued a memorandum and recommendation that Plaintiff's claims for improper notice of lien transfer, breach of duty of good faith and fair dealing, breach of contract based on JPMC's failure to accept Abend's payments, negligence, and wrongful foreclosure be dismissed for failure to

state a claim for which relief could be provided under Federal Rule of Civil Procedure 12(b)(6), but that Abend's claim of breach of contract based on JPMG's failure to provide Abend with notice of his default and an opportunity to cure and for a declaratory judgment be permitted to go forward. Plaintiff did not file any objections to the memorandum and recommendation. Recently this Court agreed with the Magistrate Judge, adopted the memorandum and recommendation as its own, and dismissed those claims that failed to state a claim.

The Court's order for conference and disclosure of interested parties (#7), issued on August 26, 2012, admonished that a party's "[f]ailure to comply . . . may result in sanctions, including dismissal of the action and assessment of fees and costs." #7 at p. 2. Among its requirements, the order commanded counsel for all parties to file (1) a certificate listing all persons, associations or person, firms and partnerships, corporations, affiliates, parent corporations, or other financially interested entities; and (2) a joint discovery/case management plan after conferring as required by Federal Rule of Civil Procedure 26(f). Abend's counsel failed to comply with both. As for the latter, JPMC shows that it sent at least four letters to Abend's attorney between August and November 22, 2013 in an effort to schedule a Rule 26(f); two of them (one sent on August 27 and the other on November 4) were sent by first class mail. #12-1. On November 12 and 15, 2013 counsel for JPMC sent Abend's attorney follow-up correspondence by facsimile. #12-1.

Counsel never responded. JPMC's counsel was also unsuccessful in trying to reach Abend's attorney by telephone. On November 22, 2013 JPMC's attorney sent a final letter to Plaintiff's counsel advising him that if he did not respond, JPMC would have to file a unilateral plan. Plaintiff not only failed to respond, so JPMC did filed its own plan (#12), but Plaintiff's attorney did not appear for the scheduling conference on December 11, 2013.

Moreover, the record reflects that Plaintiff failed to respond to the instant motion to dismiss for failure to prosecute.

The Fifth Circuit requires that for dismissals with prejudice for failure to prosecute, the defendant must show "a clear record of delay or contumacious conduct by the plaintiff"[1] and the court must expressly determine that lesser sanctions would not prompt diligent prosecution or the record shows that the district court employed lesser sanctions that proved to be futile." *Tello v. C.I.R.*, 410 F.3d 743, 744 (5th Cir. 2005). The Fifth Circuit stated that it would usually affirm such a dismissal only if it found "(1) delay caused by the plaintiff himself; (2) actual prejudice to the defendant; or (3) delay as a result of the intentional conduct." *Id.* Dismissal with prejudice for failure to prosecute should "involve egregious and sometimes outrageous delays," "cases where the plaintiff's conduct has threatened the

---

[1] "[D]elay which warrants dismissal with prejudice must be longer than just a few months' instead, the delay must be characterized by 'significant periods of total inactivity.'" *McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988), quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1981).

integrity of the judicial process, often to the prejudice of the defense, leaving the court no choice bu to deny that plaintiff its benefits." *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1981).

The Court finds that while Plaintiff's counsel has not yet reached this extreme, he is clearly thwarting this litigation. Accordingly, the Court

ORDERS that the motion to dismiss for failure to prosecute (#14) is currently DENIED, but may be reurged if and when appropriate. The Court further

ORDERS that Plaintiff's counsel shall file within ten days the certificate required by the order for disclosure of interested parties, shall timely respond to all discovery requests, shall appear for hearings and conferences set by the Court, and shall comply with all Court orders. Failure to do so absent a timely showing of good cause will result in dismissal of this case. Finally, the Court

ORDERS that counsel for both parties shall appear for a hearing on __January 09__, 2014 at __10:00 a.m.__, at which Plaintiff's counsel shall show why he should not be required to pay JPMC's counsel for services expended in an effort to get Plaintiff's counsel to meet his obligations in this action.

**SIGNED** at Houston, Texas, this __8th__ day of January, 2014.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE